NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Dane R. ELLIS, | : | |
| Plaintiff, | : | Civ. No. 09-5124 |
| v. | : | OPINION & ORDER |
| Michelle RICCI, et al., | : | |
| Defendant. | : | |

THOMPSON, U.S.D.J.,

This matter comes before the Court upon Dane R. Ellis's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [docket # 1]. This matter has been decided on the papers without a hearing. Because Petitioner failed to file this Petition within the requisite one-year statute of limitations period, the Petition is DENIED as time-barred.

**I.    Background**

Petitioner was tried and convicted by a jury in the New Jersey Superior Court, Middlesex County, for murder, possession of a weapon for an unlawful purpose, and hindering apprehension or prosecution. He was convicted on February 26, 2001 and sentenced on April 9, 2001. (Pet. Ex. Pa 5-7.) The Appellate Division affirmed his conviction and sentence on October 17, 2002. (*Id*. Ex. Pa 8-24.) On April 19, 2005, Petitioner filed a *pro se* petition for post-conviction relief with the New Jersey Superior Court alleging unlawful admission of his confession and ineffective assistance of counsel.

His petition for post-conviction relief was denied on October 18, 2006, and the Appellate Division affirmed the denial on December 28, 2007. (*Id.* Ex. Pa 25-26.) Petitioner then filed a petition for certification to the Supreme Court of New Jersey, which was denied on May 16, 2008. (*Id.* Ex. Pa 27.) Finally, Petitioner sought a nunc pro tunc consideration of his direct appeal with the New Jersey Supreme Court. The New Jersey Supreme Court denied his motion for leave to file a notice of petition for certification on October 3, 2008. (*Id*. Ex. Pa 28.)

In this Petition, Petitioner alleges the following: 1) his confession should have been suppressed because it was elicited after he invoked his right to an attorney and was involuntary, 2) his trial counsel was ineffective because he failed to move to suppress Petitioner's confession on the basis that it was the product of an illegal arrest, and 3) his trial counsel was ineffective because he failed to obtain exculpatory evidence that would have created reasonable doubt.

**II.     Analysis**

    1.     <u>Statute of limitations</u>

Congress amended the federal habeas statute with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132. The AEDPA provides that a § 2254 petition must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Third Circuit has stated that for purposes of both § 2254 and § 2255 petitions, a judgment of conviction becomes final on "(1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the

2

defendant's time for filing a timely petition for certiorari review expires." *Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1998).  In cases where the defendant does not pursue a timely direct appeal, "the sentence becomes final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired." *Id*.

Petitioner's conviction and sentence became final for purposes of § 2254 on November 18, 2002, the date on which Petitioner lost his opportunity for a timely direct appeal to the New Jersey Supreme Court.[1]  Petitioner's attempt to appeal his conviction to the New Jersey Supreme Court six years later cannot be considered for statute of limitation purposes because it was not timely.  Therefore, the statute of limitations for a valid § 2254 petition expired on November 18, 2003, one year after his conviction and sentence became final.

    2.     Equitable Tolling

Petitioner argues that the statute of limitations should be equitably tolled because his lawyer failed to file his application for post-conviction relief within the one-year statute of limitations period.  (Pet'r's Objection Answer [docket # 21].)  The statute of limitations can be equitably tolled in rare cases where the litigant can establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 403, 418 (2005).  Furthermore, the statute of limitations is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. §2244(d)(2).  However, even if Petitioner could establish that extraordinary circumstances prevented him from filing his

---

[1] The Appellate Division affirmed Petitioner's conviction and sentence on October 17, 2002.  Petitioner had thirty days to file a timely petition for certification with the New Jersey Supreme Court.  N.J.Ct.R. 2:12-7(b).

3

post-conviction relief application, his Petition would still be untimely. Even if the Court equitably tolled the statute of limitations until April 19, 2005, the date on which he filed his first post-conviction relief petition, and then statutorily tolled the statute of limitations until May 16, 2008, the date on which the Supreme Court of New Jersey denied his certification for post-conviction relief, the one-year statute of limitations would still have expired on May 16, 2009, several months before he filed this Petition on October 2, 2009.

## III.   Conclusion

For the foregoing reasons, and for good cause shown, it is ORDERED that, on this 27th day of April 2010, Dane Ellis's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is DENIED as time-barred by the statute of limitations; and it is further ORDERED that no certificate of appealability will issue under 28 U.S.C. § 2253(c)(2), insofar as Petitioner has failed to make a substantial showing of the denial of some constitutional right over which this Court would have jurisdiction.

*/s/ Anne E. Thompson*
_____
ANNE E. THOMPSON, U.S.D.J.